IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM M. SHAW, <br><br> Plaintiff, <br><br> v. <br><br> ALSTON & BIRD LLP <br> 950 F Street NW <br> Washington, D.C. 20004 <br><br> Defendant. | Civil Action No.  1:23-CV-01551-CRC |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Alston & Bird LLP ("Alston & Bird" or "Defendant"), for its Answer to the Complaint filed by Plaintiff Adam M. Shaw ("Plaintiff") responds to the enumerated paragraphs of the Complaint. Alston & Bird denies each and every allegation contained in the Complaint that is not specifically admitted herein:

## PARTIES

1.     Paragraph I of the Complaint is Plaintiff's identification of the parties and their addresses. Alston & Bird lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's residence and, therefore, such allegations are denied. Alston & Bird admits that it has an office located at 950 F Street NW, Washington D.C., 2004. Except as expressly admitted, Alston & Bird denies the allegations in Paragraph I.

## JURISDICTION

2.      Paragraph II of the Complaint is Plaintiff's identification of his causes of action and basis for jurisdiction. Alston & Bird admits the allegations in Paragraph II of the Complaint noting that Plaintiff has filed a lawsuit under Title VII, the Age Discrimination in Employment

Act, and the DC Human Rights Act, but denies that Alston & Bird violated those laws (or any other laws) in its dealings with Plaintiff.

## STATEMENT OF CLAIM

3.      Paragraph III of the Complaint is Plaintiff's identification of the alleged discriminatory conduct. Alston & Bird denies any and all allegations of "discriminatory conduct" contained in this Paragraph. Alston & Bird's response to the incorporated attachment appears later in this Answer.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

4.      Paragraph IV of the Complaint is Plaintiff's identification as to whether he filed a charge of discrimination and received a Notice of Right to Sue from the EEOC. Alston & Bird admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission on October 18, 2020. Alston & Bird lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations about the date when Plaintiff received the Notice of Right to Sue from the Equal Employment Opportunity Commission and, therefore, such allegations are denied. Except as expressly admitted, Alston & Bird denies the allegations in Paragraph IV.

## RELIEF

5.      Paragraph V of the Complaint is Plaintiff's identification as to the relief he requests. Alston & Bird denies that Plaintiff is entitled to any relief in this action, including but not limited to the relief requested in the Complaint.

## CERTIFICATION AND CLOSING

6.      Paragraph VI of the Complaint is Plaintiff's certification of the Complaint and does not contain any factual assertions.

## ADDENDUM TO SECTION III.E (FACTS OF CASE)

7. Alston & Bird lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Addendum and, therefore, such allegations are denied.

8. Alston & Bird lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations about whether Plaintiff was a visibly identifiable orthodox Jew and was 61 years old during 2019 and, therefore, such allegations are denied. Alston & Bird denies the remainder of the allegations in Paragraph 2 of the Addendum as stated.

9. Alston & Bird denies the allegations contained in Paragraph 3 of the Addendum.

10. Alston & Bird denies the allegations contained in Paragraph 4 of the Addendum.

11. Alston & Bird lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Addendum and, therefore, such allegations are denied.

12. Alston & Bird lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Addendum and, therefore, such allegations are denied.

13. Alston & Bird lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Addendum and, therefore, such allegations are denied.

14. Alston & Bird admits that on April 7, 2020 Plaintiff was informed via email that Alston & Bird would not be moving forward with an offer of employment.

15. Alston & Bird denies the allegations contained in Paragraph 9 of the Addendum.

16. Alston & Bird denies the allegations contained in Paragraph 10 of the Addendum.

17.     Alston & Bird admits the allegations contained in Paragraph 11 of the Addendum.

## FIRST DEFENSE

Plaintiff's Complaint fails to state claims upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon the applicable statutes of limitation.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to satisfy conditions precedent, including failure to properly commence and exhaust administrative remedies for such claims and to the extent they contain or are premised on factual allegations that are outside the scope of the Charge of Discrimination filed with the EEOC that is the subject of this litigation.

## FOURTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, release, unclean hands, and waiver.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to plead or allege conditions and facts precedent to his claims.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent any person affiliated with Defendant engaged in conduct contrary to the law (an allegation that Defendant expressly denies), such conduct was outside the scope of that person's authority,

was in direct contravention of Defendant's express policies, and occurred without Defendant's consent or ratification.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith and lawfully with respect to Plaintiff, and any actions taken by Defendant were taken for legitimate, non-discriminatory reasons that would have been taken in the absence of any protected status of Plaintiff.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if some impermissible motive were a factor in any employment action with respect to Plaintiff, a claim that Defendant expressly denies, the same decisions would have been reached for legitimate business reasons.

### NINTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the actions about which Plaintiff complains were taken for good cause within the meaning of the Age Discrimination in Employment Act.

### ELEVENTH DEFENSE

Defendant cannot be liable for liquidated damages under the Age Discrimination in Employment Act because any acts or omissions giving rise to this action were undertaken in

good faith and with reasonable grounds for believing that its actions were in compliance with the Age Discrimination in Employment Act.

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages are barred because Defendant did not act with malice or reckless indifference to Plaintiff's protected rights and made good faith efforts to comply with all applicable laws.

## THIRTEENTH DEFENSE

Although Defendant denies that Plaintiff is entitled to punitive damages, Defendant affirmatively pleads that an award of punitive damages would violate the United States Constitution.

WHEREFORE, having fully answered and defended against the Complaint, Defendant respectfully requests that the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby, that judgment be entered in favor of Defendant and against Plaintiff on all claims, that Defendant be awarded its costs of defense, including attorneys' fees, and any other and further relief as the Court deems just and proper.

DATED:  September 17, 2023

Respectfully submitted,

/s/ *Kelley Barnaby*
Kelley Barnaby (D.C. Bar # 998757)
kelly.barnaby@alston.com
*Christopher C. Marquardt
chris.marquardt@alston.com
**Pro Hac Vice Forthcoming*
*Alexandria Isom
alexandria.isom@alston.com
**Pro Hac Vice Forthcoming*
**ALSTON & BIRD LLP**
950 F St. NW
Washington, DC 20004
Tel.: 202-239-3300
Fax: 202-239-3333

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that this day, September 17, 2023, I electronically filed the foregoing using the CM/ECF system, which will automatically effectuate service upon all counsel of record in this matter.

/s/ *Kelley Barnaby*
Kelley Barnaby (D.C. Bar # 998757)
kelly.barnaby@alston.com
**ALSTON & BIRD LLP**
950 F St. NW
Washington, DC 20004
Tel.: 202-239-3300
Fax: 202-239-3333

*Attorney for Defendant*